THE HOWLEY LAW FIRM P.C.
350 FIFTH AVENUE, 59TH FLOOR
NEW YORK, NEW YORK  10118
(212) 601-2728
FAX:  (347) 603-1328

WWW.HOWLEYLAWFIRM.COM

September 18, 2018

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York  10007

   Re:  *Macancela, et al., v. Kukaj, et al.*, 1:18 Civ. 7507 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

  I write on behalf of plaintiffs to request a pre-motion conference on October 4, 2018 – the date set for the initial pre-trial conference in this action – to address a motion for: (1) conditional certification of this action as a collective action; (2) court-facilitated notice of the pendency of the action; and (3) production by defendants of contact information for all members of the proposed collective action.

  Plaintiff Bryan Macancela and 12 other named plaintiffs commenced this action for unpaid minimum wages and overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law, N.Y. Lab. L. §§ 190, *et seq*.  The federal law claims are brought as a collective action pursuant to 29 U.S.C. § 216(b).  The state law claims are brought as a class action, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Complaint ¶ 1.  The claims are asserted on behalf of the named plaintiffs and all other non-exempt employees who worked for defendant Besim Kukaj d/b/a BKUK Group at more than a dozen restaurants Mr. Kukaj owns and controls in Manhattan.  *Id*.

  Mr. Kukaj runs his restaurant empire through the BKUK Group, an unincorporated entity, without regard to corporate formalities or wage and hours laws.  *Id*. ¶¶ 20, 36.  He pays workers less than the minimum wage, fails to pay time and a half for overtime, transfers workers from restaurant to restaurant based on his own needs, routinely pays them with checks drawn on accounts of different entities regardless of where the employees actually worked, sometimes pays them with personal checks, often delays payment of wages by paying with them with checks drawn on accounts with insufficient funds, and changes the names of restaurants and the corporate entities associated with them at his whim.  *Id*. ¶ 36.  There is, in fact, no distinction between Mr. Kukaj, the corporations he has formed, and the restaurants he owns, operates, and controls.  *Id*.  Every action affecting workers at Mr. Kukaj's restaurants is directed by Mr. Kukaj personally for his own benefit.  *Id.*

The 13 named plaintiffs were employed by 14 different restaurants owned and controlled by Mr. Kukaj. *Id*. ¶¶ 7-19. At each of the 14 restaurants, they were subjected to the same policies and practices, dictated by Mr. Kukaj personally, of not paying the required minimum wage or overtime wages, and delaying payment of wages by paying with checks drawn on accounts with insufficient funds. *Id*. ¶¶ 37-50, 51-78, 79-95. Mr. Kukaj's wrongful conduct towards the named plaintiffs in this action is consistent with his wrongful conduct towards many other non-exempt employees. *Id*. ¶¶ 124-131; *see also Leon v. Kukaj,* 17 Civ. 6167 (S.D.N.Y. Aug. 15, 2017); *Gomez v. BKUK Corp., et al.*, 17 Civ. 4652 (S.D.N.Y. June 20, 2017); *Garcia v. BKUK 3 Corp., et al.*, 17 Civ. 4385 (S.D.N.Y. June 9, 2017); *Luiguichuzca v. 319 West 51st Street Restaurant, Inc., et al.*, 17 Civ. 0166 (S.D.N.Y. Jan. 10, 2017); *Leka v. BKUK Corp., et al.*, 15 Civ. 0632 (S.D.N.Y. Jan. 28, 2015); *Candia-Estrada v. BKUK 3 Corp.*, 14 Civ. 2055 (S.D.N.Y. Mar. 24, 2014).

Plaintiffs therefore seek leave to file a motion for conditional certification of this action as a collective action. At the conditional certification stage, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). To establish that the named plaintiffs and the potential opt-in plaintiffs are "similarly situated," plaintiffs need only make "a 'modest factual showing' that [they] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). The "modest factual showing" is "a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.*

Plaintiffs will request that notice be sent to all non-exempt employees at all of Mr. Kukaj's restaurants because he operates the restaurants as a "single integrated enterprise." To determine whether distinct entities operate as a single integrated enterprise, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y.2014).

The facts set forth in the complaint plausibly allege that Mr. Kukaj operates his restaurants as a single integrated enterprise, constituting a single employer for FLSA purposes. Mr. Kukaj promotes his restaurants as the BKUK Group of restaurants using a single web site. The BKUK Group, however, has no legal existence separate from Mr. Kukaj. He exercises complete control over the operations of each restaurant, including the power to hire, fire, and set the wage rates of each employee. Taken together, these facts adequately allege that Mr. Kukaj runs his restaurant group as a single integrated enterprise for purposes of FLSA liability. *See, e.g., Juarez*, 29 F. Supp. 3d at 368; *Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044 (CM), 2013 WL 5549495, at *8–9 (S.D.N.Y. Oct. 8, 2013); *Tiro v. Pub. House Invs.*, LLC, 288 F.R.D. 272, 279 (S.D.N.Y. 2012).

For all the foregoing reasons, plaintiffs respectfully request a pre-motion conference on

October 4, 2018 to address their proposed motion for conditional certification of a collective action.

                Respectfully submitted,

                */s John Howley*

                John Howley