UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN MACANCELA, et al.,<br><br>                          Plaintiffs,<br><br>    -against-<br><br>BESIM KUKAJ, et al.,<br><br>                          Defendants. | **DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**<br><br>Docket No. 18-CV-7507 (JGK) |
| ABRAHAM CAMPOS, et al.,<br><br>                          Plaintiffs,<br><br>    -against-<br><br>BKUK 3 CORPORATION, et al.,<br><br>                          Defendants. | Docket No. 18-CV-4036 (JGK) |

ADAM I. KLEINBERG, an attorney duly admitted to practice law in the State of New York, declares the following to be true, under penalty of perjury:

1.    I am a member of SOKOLOFF STERN LLP, counsel of record for Defendants in this matter. I submit this declaration in support of my motion to withdraw as counsel pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2.    I took these cases on very short notice. I was contacted about representing the defendants on November 5, 2018, about one month ago. That evening, I reviewed the docket sheet in both cases and saw there was a pending application for a default judgment in one case and a stay about to lapse in the other. Recognizing the seriousness of the default and the time frame, I

met with defendants on November 6, 2018 and agreed to represent them, despite how the docket sheets presented their relationship with prior counsel and responsiveness to the court process.

3.      Over the last month, despite concerted and ongoing efforts, I have not been able to establish the kind of attorney-client relationship that would allow me to effectively represent defendants going forward. Therefore, I must respectfully ask that the Court (1) permit this firm to withdraw from representing defendants in these two cases, and (2) adjourn all deadlines until the January 17, 2019 court conference to allow defendants time to find new counsel.

4.      "In deciding a motion to withdraw as counsel, courts must consider (1) the reasons for the withdrawal, and (2) the impact withdrawal will have on the timing of the proceeding." *United States v. Estate of Wiesner*, No. CV051634, 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017), *report and recommendation adopted*, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017). "In this District, '[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively.'" *Jackson v. Lowe's Companies, Inc.*, No. 15CV4167, 2016 WL 6155937, at *2 (E.D.N.Y. Oct. 21, 2016) (quoting *Lawrence Aviation Indus.*, 2011 WL 601415, at *1. "In this regard, satisfactory reasons for withdrawal include 'a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.'" *Id.* (quoting *Naguib v. Pub. Health Solutions*, No. 12-CV-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014); *see also Liang v. Lucky Plaza Rest.*, No. 12-CV-5077, 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (permitting withdrawal where client refused to cooperate in the prosecution of his case; *Munoz v. City of New York*, No. 04-CV-1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's law firm demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between

the law firm and the plaintiff"); *Fischer v. Biman Bangladesh Airlines*, No. 96-CV-3120, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal."). Similarly, where a client's relationship with its attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted." *Lawrence Aviation Indus.*, 2011 WL 601415, at *1.

5. Based on my dealings with Defendants to date, and for reasons I hesitate to detail in a public filing, I have concluded that it would be impossible for me to represent Defendants going forward. Should the Court require additional information about my course of dealings with Defendants and the reasons why I cannot continue to represent them, I respectfully request permission to provide that information *in camera*, off the record and outside the presence of Plaintiffs' counsel.

6. These two cases are at the earliest stages, and my withdrawal would not unduly delay these matters or prejudice the parties. An answer has not yet been filed in the *Macancela* suit and discovery has not yet started in the *Campos* suit. Any disruption will be minimal. *See Genao v. City of New York*, No. 14 CV 8122, 2017 WL 57886, at *3 (S.D.N.Y. Jan. 4, 2017) ("[W]here discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found.").

7. We recently attended an initial conference and the Court has not yet set case management deadlines. The next court conference is January 17, 2019, so our withdrawal would allow defendants more than a month to find new counsel.

8. We are not asserting any retaining or charging liens on these two cases.

9. For these reasons, we respectfully request that the Court grant permission for this firm to withdraw as counsel for Defendants and suspend all deadlines until after Plaintiff has found new counsel.

Dated: Carle Place, New York
December 7, 2018

          **SOKOLOFF STERN LLP**
          *Attorneys for Defendants*

By:   ADAM I. KLEINBERG
      179 Westbury Avenue
      Carle Place, NY 11514
      (516) 334-4500
      File No. 180153-P

TO:   All counsel of record (via ECF)